We'll hear the next case on the calendar, Sonati v. Adelman. Thank you. Good afternoon, Your Honor. Lucia Sonati. I am the prosecutor. I'm not an attorney. The reason that brings me today, I filed a brief in December 2016, December 18. Basically, the issue before the court today, Your Honor, are constitutional issues. This matter was in Superior Court. There were constitutional issues then. It went to the federal court in Connecticut. There were also constitutional issues. So this case began with the defendant making various ruling without any statutes applicable. Just to give a very brief summary, back in 2015, January 8 specifically, the defendant reduced alimony, changed the entire order that was pending. This case was pending an appeal. My understanding was at that time that while something was pending an appeal and the rule was not yet issued, the same issue was pending an appeal. I was under the impression it was going to stay until the appeal was complete. I'm sorry. I'm trying to think of so many things and be very brief. On January 8, they come back there, the presiding judge changed all the memorandum decisions, such as all the issues that were pending an appeal. Also, he reduced my alimony, saying that the alimony had to be directed towards a mortgage payment. There were a lot of issues that there was nothing was pending on the calendar that day, issues that he was ruling on. In addition to that, there was no motion pending in a court for him to make such a ruling. Are you, just so I understand, is it your argument that the judge, Adleman, intentionally broke the law or that he did his best but got the wrong result? Yes, Your Honor. He abused the discretion because we call, you know, judge have discretion to rule on certain things. Those various rulings that he was making that day, Your Honor, there was nothing pending on the calendar. There was nothing that was in the works. So someone, the opposing counsel requests some kind of change. There was no change financially in circumstances. Are you saying that he knew what the right answer was but he intentionally reached the wrong result from your point of view? He broke the law. Your wrong result, what I'm trying to convey to the court, Your Honor, that ruling that he was issuing, there was nothing pending. Nothing was on the calendar, was in filing, such as the issue was still in the appellate court. The court had not ruled the session yet. So basically, he financially sanctioned me that I was not able to keep the attorney. I had to begin representing myself. Going forward on April 11th, they removed the name of the deed of the house, my home, without me being in court. I was not aware of such proceeding taking place. I was not advised that certain things were taking even place. Looking on several statutes that clearly demand 14th Amendment, that due process that someone has to be notified of such when someone takes someone else's property. By removing my name off the deed of my own home, Your Honor, I felt it was, that was a trickle down from other events that was taking place. At this time, I was representing on my own. I was being not notified of such event was taking place in the courtroom. And they proceeded to remove my name from my home. Basically, I was locked out of my own house. At this point, Your Honor, I had no money coming in. I had all of my money in a waiting for the court decision to make the ruling. I had no attorney representing me. My point remains that the 14th Amendment is a due process that also indicates Title 42, U.S. Code 1983, Civil Action Deprivation of Rights. I believe I was deprived of my rights, my constitutional rights. There were events after events with the same judge coming down. And I was financially sanctioned that I was not able even to keep an attorney. And I felt about removing my name off the deed of the home without me being notified, not being present, and a judge proceed on such a ruling, I found completely unheard of. I never heard such a thing because I don't know. I'm not an attorney. I'm not like brilliant people that have been before you today. I don't have the legal background, as you probably are aware. I'm a prosaic litigant. I strongly felt that this case needs to be looked at it in a sense that to rule the issue, they were not applicable anymore to a family matter. This was a constitutional right. I felt I was deprived of my due process.  My due process, Your Honor. I felt very strongly that I was not able even to be notified. I don't believe that a court can take someone off the deed without being notified of presence. I don't believe it was ever done. I never heard such a thing. No one that I knew ever heard such event taking place. You'll have two minutes for rebuttal. Thank you. Please wait. Go ahead. Mr. Skold. Good afternoon, Your Honors. Michael Skold on behalf of the defendant. The district court properly dismissed this case on grounds of Eleventh Amendment and lack of federal jurisdiction. I've raised a number of other alternative grounds for dismissal in my brief. I think they're fully addressed in my brief, so unless the court has any questions . . . If there is jurisdiction, your view would then be we should affirm, but on the basis of judicial immunity. I think that she has sued Judge Adleman only in his official capacity. I think she's conceded that in her brief, so judicial immunity, I don't think, would only apply to individual capacity claims. I think all claims are barred by the Eleventh Amendment and lack of federal jurisdiction. If the court were to construe the cases against him in his individual capacity, then judicial immunity would apply. Thank you. And a number of other grounds that I've addressed in my brief. Very helpful. So, does the record, Mr. Skold, indicate at all whether there was any appeal from the trial court's decision, the family court decision, within the Connecticut State judicial system? I think there have been appeals in the case, Your Honor, and they certainly are available. All of the rulings that she is complaining about, she either did or could have appealed. And the federal courts just aren't the proper venue for her to be raising these claims. So, your view is the case should be resolved on statutory and judicial immunity grounds? I think that all of the claims in the case are properly construed against Judge Adleman in his official capacity only. And so, it's therefore treated as a claim against the state. So, the Eleventh Amendment bars any claim for money damages the state has not, Congress has not abrogated the state's immunity and Connecticut has not. But we don't have to, even if there's jurisdiction, we do not have to deal with the question of judicial immunity because he's not being sued personally. Correct. But if the court were to construe it as an individual capacity claim, then there would be judicial immunity, there would be qualified immunity. There would be a number of other grounds as well.  Thank you, Your Honors. Ms. Sinati. Thank you, Your Honor. You have two minutes. Yes, I do. Thank you, Your Honor. Ms. Sinati, may I ask you a question? Yes, Your Honor. Were you able or did you take advantage of your appeal rights within the state court system in which you could have raised constitutional? Yes, Your Honor, because I felt by him doing those ruling, he jeopardized my rights even to the appeal, Your Honor. My case was an appeal. So, therefore— Sorry, it was not appealed? It was an appeal. Everything was pending an appeal. Oh, I see. Yes. The same ruling that was pending an appeal, he was ruling on. And my issue was that there was nothing pending in a superior court. The rule on those issues was nothing on the calendar for that day. There was nothing in the filing that was filed to bring an issue up for that specific matter. And with regard to the immunity, Your Honor, when— And is your appeal finished? At this point, it is, but I lost my appeal because, as we all know, judges speak to each other. And when he made those ruling, he jeopardized my appeal as well. He jeopardized my rights, my due process. And with all due respect to this court, I feel that this is very much a constitutional issue that is violating my rights and my due process. You understand—I mean, in our system, I'm sure you understand because you've been living with it— Yes. —sometimes we in the federal courts, which is a completely different system from the state courts, are very much constrained with respect to what we can do to the state courts or to state court judges. I hope you understand that. Yes, I do understand, Your Honor, but I would like also to convey to the court that when someone claims immunity, it's only if you rule within the law. He was not ruling—not applicable to any law, Your Honor. So if you are within a statute with certain rules, then you can claim immunity. You can claim a certain—he claimed at least a dozen of immunity of all sorts of a community. My issue are that he did not rule with any applicable law that he can claim that immunity. He claimed outside of those rules. Okay. Completely on his own. And the U.S. Supreme Court, of course, has spoken to these issues and has guided—well, controls, of course, what we are able to do. I understand, Your Honor, but I also feel, Your Honor, I will convey the last thing to the court, that we are a nation that we preach to other country that we are a nation of laws. And when someone like me in this country, their basic right, again, violate, Your Honor, that's what I want to convey to this court today. Okay. I feel my constitutional right have been violated. That's why you've been given 10 or 15 minutes to make your argument to this court precisely for that reason. Because we are a nation of laws and you have a right to be heard. And I thank you to court. I thank you all for—but I do feel very strongly that my constitutional right were violated. And with the claim of the immunity, he did not rule within any statutes that he can claim immunity as a judge. He went outside those rulings. So we cannot have both ways. Thank you. Thank you. Thank you very much. Thank you for your arguments. The court will reserve decision. Thank you. Thank you. We will recess for four minutes and return thereafter. Court is seated and recessed.